# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) |
| Appellee, | ) C. C. A. NO. 02C01-9707-CC-00241 |
| | ) |
| vs. | ) CROCKETT COUNTY |
| | ) |
| **DANNY D. ANDERSON,** | ) Nos. 1932-34 |
| | ) |
| Appellant. | ) |

**FILED**

**January 13, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## O R D E R

This matter is before the Court upon the state's motion, pursuant to Rule 20, Rules of the Court of Criminal Appeals, to affirm the judgment of the trial court by order rather than formal opinion. The appellant pled guilty on October 9, 1984, to forgery and passing forged papers, third degree burglary and grand larceny, and grand larceny and receiving and concealing stolen property. The appellant received an effective sentence of four years. The appellant did not appeal these convictions. On April 28, 1997, the appellant filed motions in the trial court to expunge the record of these convictions. The trial court dismissed the motions without a hearing.

On appeal, the appellant argues that the expungement of these convictions is required because this Court previously held that these convictions were improperly used to enhance subsequent convictions when the record on appeal was inadequate to determine whether counsel was present at the time the appellant entered these prior guilty pleas. State v. Danny Anderson, No. 1 (Tenn. Crim. App., at Jackson, Aug. 27, 1986). Contrary to the appellant's argument, however, the Court did not hold that these prior convictions were invalid. The appellant is apparently concerned that these prior convictions may improperly be used for future enhancement purposes.

The statutes of this state provide for the expungement of criminal records only in limited circumstances. See e.g. T.C.A. §§ 40-15-105 (relating to pretrial

diversion), 40-32-101 (relating to dismissal or acquittal), and 40-35-313 (relating to probation).  We have failed to find any authority allowing the courts of this state to expunge the record of a valid criminal conviction.  Nor has the appellant cited to any authority to support his position.  <u>See</u> Rule 10, Rules of the Court of Criminal Appeals.

Having reviewed the record on appeal, including the appellant's brief, we find that the trial court properly dismissed the appellant's motions to expunge the record of his prior convictions.  Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ___ day of January, 1998.


_____
PAUL G. SUMMERS, JUDGE


_____
JOE B. JONES, PRESIDING JUDGE


_____
DAVID G. HAYES, JUDGE